IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

ESMERALDA CALDERON,

    Plaintiff,

vs.

HZ CONSTRUCTION, INC.,
a Florida Profit Corporation, and
RODDREACUS A. JOHNSON, SR.,
an individual, jointly and severally,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES

    Plaintiff, ESMERALDA CALDERON, sues Defendants, HZ CONSTRUCTION, INC. and RODDREACUS A. JOHNSON, SR., and shows:

### Introduction

1. This is an action by ESMERALDA CALDERON against her former employers for unpaid overtime and minimum wages pursuant to the Fair Labor Standards Act, and breach of contract pursuant to Florida common law. Plaintiff seeks damages, court costs, and a reasonable attorney's fee.

### Jurisdiction

2. This action arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 and 207, and Florida common law. The Court has jurisdiction over the claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1367(a).

3. The claim arose within the Southern District of Florida, which is where venue is proper.

**Parties and General Allegations**

4. Plaintiff, ESMERALDA CALDERON, (hereinafter "CALDERON") a resident of Broward County, was at all times material, employed by HZ CONSTRUCTION, INC., as a commercial painter, was an employee as defined by 29 U.S.C. § 203(e), and during her employment with HZ CONSTRUCTION, INC., was engaged in commerce or in the production of goods for commerce.

5. Defendant, HZ CONSTRUCTION, INC. (hereinafter, "HZ"), is a Florida Profit Corporation with headquarters in Orange County, Florida, doing business throughout South Florida, is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. §§ 206 and 207.

6. Defendant RODDREACUS A. JOHNSON, SR. (hereinafter, "JOHNSON"), upon information and belief, is a resident of Lake County, Florida.

7. At all times material to this Complaint, JOHNSON has managed and/or operated Defendant HZ and regularly exercised the authority to hire and fire its employees, determine the work schedules of employees, set the rate pay of employees, and controlled its finances and daily operations. JOHNSON did, in fact, hire Plaintiff, set Plaintiff's rate of pay and work schedule, and thus dictated the terms of Plaintiff's employment. By virtue of such control and authority,

JOHNSON is an employer and/or joint-employer of Plaintiff as defined by the FLSA, 29 U.S.C. §203(d).

### Count I – Violation of FLSA by Both Defendants – Overtime

8. Plaintiff, ESMERALDA CALDERON, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 7 above.

9. Since on or about November of 2019, up to and including March of 2020, Defendants willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically CALDERON, during her employment, worked in excess of 40 hours at least one week during her employment, but was not compensated for all overtime hours at one and one-half times her regular rate.

10. The failure to pay overtime compensation to CALDERON is unlawful in that she was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that she neither was a bona fide executive, administrative or professional employee.

11. CALDERON is entitled pursuant to 29 U.S.C. § 216(b), to recover from both Defendants:

    a. All unpaid overtime that is due;

    b. As liquidated damages, an amount equal to the unpaid overtime owed;

    c. The costs of this action, and;

    d. A reasonable attorney's fee.

WHEREFORE, Plaintiff, ESMERALDA CALDERON, prays that this court will grant judgment against both Defendants:

a. awarding CALDERON payment of overtime compensation found by the court to be due to her under the Act;

b. awarding CALDERON an additional equal amount as liquidated damages;

c. awarding CALDERON her costs, including a reasonable attorney's fee; and

d. granting such other and further relief as is just.

**Count II – Violation of the FLSA by Both Defendants - Minimum Wage**

12. Plaintiff, CALDERON, realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 7 above.

13. CALDERON worked for HZ for various weeks during December of 2019 and January of 2020 but received no compensation whatsoever for those weeks and the work performed.

14. CALDERON sent text messages to JOHNSON informing him that she had not been paid, to no avail.

15. HZ and JOHNSON's failure to pay CALDERON for those weeks of her employment violates 29 U.S.C. § 206(a)(1) by not paying her at least a minimum wage.

16. CALDERON is entitled pursuant to the FLSA to recover from both Defendants:

a. The applicable minimum wage in effect at the times she worked without receiving compensation;

b. As liquidated damages, an amount equal to the unpaid minimum wage she is owed;

c. The costs of this action, and;

d. A reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Honorable Court:

    a.    Enter judgment for CALDERON and against HZ and JOHNSON on the basis of their willful violations of the FLSA;

    b.    Award CALDERON actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

    c.    Award CALDERON an equal amount in liquidated damages;

    d.    Award CALDERON reasonable attorneys' fees and costs of suit; and

    e.    Other such relief as this Court deems just.

**Count III – Breach of Contract by HZ CONSTRUCTION, INC. – Unpaid Wages**

17. Plaintiff, CALDERON, realleges, as if fully set forth in Count III, the allegations of Paragraphs 1 through 7 above.

18. In November of 2019, CALDERON was hired by HZ to perform painting services.

19. CALDERON was promised the following rates of pay:

    a.    For regular hours - $13.50 an hour.

    b.    For painting hours - $28.50 an hour.

20. CALDERON accepted these rates of pay and began work for HZ, thereby forming a contract for her services.

21. For certain weeks of her employment from November 2019 through March 2020, CALDERON performed work for HZ but was never compensated for her work.

22. HZ breached the contract by failing to pay CALDERON the agreed upon wages for her hours worked.

23. CALDERON sent text messages to JOHNSON informing him that she had not been paid, to no avail.

24. HZ's failure to pay CALDERON her wages owed has resulted in damages to CALDERON.

25. CALDERON is entitled to recover from Defendant HZ her unpaid wages, the costs of this action, and a reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Honorable Court:

    a. Enter judgment for CALDERON and against HZ on the basis of its breach of contract;

    b. Award CALDERON actual and compensatory damages;

    c. Award CALDERON reasonable attorneys' fees and costs of suit; and

    d. Other such relief as this Court deems just.

## **Jury Demand**

Plaintiff demands trial by jury.

Dated: April 28, 2020
Plantation, Florida

Respectfully submitted,

s/*Robert S. Norell*
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
ROBERT S. NORELL, P.A.
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
Counsel for ESMERALDA CALDERON